IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHARON HENDERSON                                                                               PLAINTIFF

v.                                                        NO. 15-1049

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sharon Henderson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for SSI on June 11, 2012, alleging an inability to work due to depression, bipolar disorder, schizophrenia, and anxiety. (Doc. 25, pp. 96, 203). An administrative hearing was held on August 14, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 25, pp. 55-94). Plaintiff's pastor and a vocational expert also testified at the hearing.

By written decision dated January 21, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc.

1

25, p. 40). Specifically, the ALJ found Plaintiff had the following severe impairments: a history of schizophrenia and psychosis, due to drug abuse, allegedly in remission; a depressive disorder; bipolar disorder; an anxiety disorder; cannabis abuse; and cocaine abuse. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 25, p. 42). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional level but with the following nonexertional limitations: the claimant can perform no greater than unskilled work. She is able to understand, retain, and carryout simple instructions, make simple work related decisions, and perform work where the complexity of a task is learned by rote with few variables and little judgment. The claimant can perform work where interpersonal contact is incidental to the work performed. The claimant can perform work where there are few changes if any in the workplace. The claimant can perform work where supervision is simple, direct, and concrete. However, the claimant works better with things rather than people.

(Doc. 25, p. 43). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a conveyor feeder-off bearer. (Doc. 25, p. 49).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 8, 2015. (Doc. 25, p. 29). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 23, 24).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.      Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

### III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred in determining Plaintiff's RFC; 2) the ALJ failed to accord adequate weight to the opinion of Plaintiff's treating and/or examining physicians; and 3) the ALJ erred in the analysis of Plaintiff's GAF score.[1]

#### A. Subjective Complaints and Credibility Analysis:

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See

---

[1] The Court has reordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

4

Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record reveals that in June of 2012, Plaintiff indicated that she was able to perform all activities of daily living without assistance. (Doc. 25, p. 302). The Court notes that Plaintiff attended a consultative mental diagnostic evaluation on August 24, 2012, before Dr. Charles Spellman, wherein she reported that she was unable to perform activities of daily living independently.  (Doc. 25, p. 319).  A review of this report reveals that Dr. Spellman indicated that Plaintiff "sounded phony from the first word she said," and opined that Plaintiff did not give adequate effort during the evaluation and exaggerated her symptoms.  A review of the record also shows that while Plaintiff testified that she did not have a driver's license and could not pass the test, a review of the medical evidence reveals that Plaintiff indicated in July of 2013, that she was able to drive.  (Doc. 25, pp. 62, 413).  As noted by the ALJ, the record reveals that Plaintiff's impairments responded well to treatment.

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds.  Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor,

5

clinics, or hospitals does not support plaintiff's contention of financial hardship). The record further reveals that Plaintiff was able to come up with the funds to support her smoking habit, as well as her use of both crack cocaine and marijuana during the relevant time period.

With regard to the testimony from Plaintiff's pastor, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B. ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart,

6

353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform work at all exertional levels with mental limitations. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

While Plaintiff argues that the ALJ erred in the analysis of Plaintiff's GAF scores, a GAF score is not essential to the RFC's accuracy. Howard v. Commissioner of Social Security, 276 F.3d 235, 241 (6th Cir. 2002). "[A]n ALJ may afford greater weight to medical evidence and testimony than to GAF scores when the evidence requires it." Jones v. Astrue, 619 F.3d 963, 974 (8th Cir. 2010). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the time period in question.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds

that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a conveyor feeder-off bearer.  <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.     <u>**Conclusion:**</u>

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 16th day of August, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE